Hillsborough,
No. 4562.

PHILIP H. McGRANAHAN d/b/a P. H. McGRANAHAN CO.

*v.*

STANDARD CONSTRUCTION CO., INC.

Argued February 6, 1957.

Decided May 9, 1957.

*William G. McCarthy* and *McLane, Carleton, Graf, Greene &
Brown* (*Mr. Brown* orally), for the plaintiff.

*Robert E. Earley* for the defendant, furnished no brief.

BLANDIN, J. The issue presented is whether the plaintiff's
failure to furnish the owner an account of the labor or materials
supplied "as often as once in thirty days" as required by RSA
447:8 bars his recovery. It appears that no work was done nor
materials furnished within the thirty days previous to giving the
notice to the owner under RSA 447:5 and 6, nor thereafter. The
plaintiff sought only to collect the money due him at the time he
gave the notice. RSA 447:6 specifies that upon giving notice as
here after the work is done and materials supplied the "lien shall be
valid to the extent of the amount *then* due . . . to the contractor."
(Emphasis supplied). The account required by RSA 447:8 would
have been an empty formality here because no work had been done
nor materials furnished within the thirty days previous to the
giving of notice or thereafter. It is too well established to require
citation that the law does not require a useless act. No prejudice
has resulted from the failure to comply with RSA 447:8 as the
parties were given all the information essential to the protection
of their rights. In these circumstances, it appears that RSA 447:8
is inapplicable and the plaintiff having complied with all other
essential provisions of RSA ch. 447 relative to notice has preserved
the lien which his undertaking created and which is valid to the
extent of the amount due the defendant at the time of the plaintiff's
notice. *Boulia-Gorrell Lumber Co.* v. *Company*, 84 N. H. 174,
176. The order is

*Judgment for the plaintiff.*

WHEELER, J., took no part in the decision; the others concurred.